[Civ. No. 2752. Second Appellate District, Division One.—July 28, 1920.]

ARTHUR E. ARCHIBALD, Appellant, v. ELIZABETH M. ARCHIBALD, Respondent.

[1] DIVORCE—LACK OF CORROBORATION—DENIAL OF DECREE — MOTION TO VACATE—ABUSE OF DISCRETION—APPEAL.—On an appeal from an order denying a motion, made under the provisions of section 473 of the Code of Civil Procedure, to set aside a judgment denying plaintiff a decree of divorce because of failure to produce sufficient corroborating testimony, if no abuse of discretion is shown by the record presented, the order of the trial court must be affirmed.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to set aside a judgment. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. H. Heath for Appellant.

No appearance for Respondent.

JAMES, J.—Plaintiff brought this suit for the purpose of securing a divorce. Service of summons was had by publication thereof, and the default of the defendant was duly entered. [1] The case came on for hearing and the plaintiff failed to produce sufficient evidence corroborating his testimony, and the court made findings and judgment denying the decree sought. Several months thereafter plaintiff appeared and moved to set aside the judgment under the provisions of section 473 of the Code of Civil Procedure, on the ground that, as stated in his notice of motion, "said judgment was taken against the plaintiff to his surprise." At the time of the hearing of this motion the plaintiff offered in evidence the deposition of a witness taken after the first hearing had in the case, which deposition contained sufficient testimony to afford corroboration of the facts testified to by the plaintiff. The contention made by plaintiff's counsel at the hearing of the motion, and as expressed in the affidavit submitted, was that he had understood the trial judge at the hearing to say that he would allow the case to remain open for the introduction of further testimony. Upon the record presented we cannot conclude that the court abused its discretion in denying the motion. It appears that at the first hearing, after the plaintiff had introduced testimony on his part, the court called attention to the fact that corroborative evidence was lacking, and proceeded to announce what his findings would be, stating the terms of the same, and ending with the statement: "From the foregoing findings the court concludes that plaintiff is not entitled to a decree of divorce. Let judgment be entered accordingly." These declarations of the court were undoubtedly for the purpose of furnishing the reporter with the substance of findings to be prepared in the case, and in fact formal judgment was immediately entered denying a decree to the plaintiff. The statement of the court from which plaintiff's counsel derived his understanding that a continuance was to be allowed, appears in the record immediately following the point where the court dictated its findings, the statement

being as follows: "Now, I will say this to you: If the plaintiff enlists in either the Canadian or American army and is able to make proper proof by testimony of persons other than the parties, in corroboration of the allegation of the plaintiff as to desertion, I will entertain his action, and this action will be without prejudice to the commencement of such case. If, as I say, he enlists and goes into the army. If he actually enlists and shows that, and then if he can by deposition or otherwise, prove his case, I will be glad to hear it and advance it." At the hearing of the motion from the order denying which this appeal is taken, the judge explained his position, and further interpreted the language he had used at the former hearing in the following way: "The court did not state that any other evidence could be taken in the cause which has been decided, but only if the man enlisted, this action will be without prejudice to the commencement of another one and the court will hear this other evidence in that case. That is all." Quite plainly, on the record so made, no abuse of discretion is shown, and when that is said the function of this court on appeal ends.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.